# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Gregory Fitzgerald Young, | ) | Civil Action No. 5:18-3046-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Scott Lewis, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 22) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 14) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondent's motion for summary judgment.

## I. Background

In January 2015, Petitioner plead guilty in South Carolina state court to criminal sexual conduct in the second degree for physically violating a nine-year old girl for whom he was babysitting. Petitioner was represented by counsel at his guilty plea, was sentenced to twenty years' imprisonment and did not file a direct appeal. In August 2015, Petitioner filed an application for Post-Conviction Relief ("PCR") asserting ineffective assistance of counsel, due process violation for failure of allocution, and failure to file a sentence reconsideration motion. Petitioner then filed an amended PCR claiming involuntary plea. Petitioner was represented by counsel at a motion hearing on the PCR, after which the PCR court denied and dismissed with prejudice the PCR because Petitioner did not establish any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Petitioner appealed the

PCR denial with representation from counsel and petitioned the South Carolina Supreme Court for a writ of certiorari on the issue of whether the lower court erred to deny the PCR application where plea counsel failed to hire an independent doctor or request a court evaluation of Petitioner's allegedly known incompetency. The Supreme Court denied that petition and issued a remittitur.

Petitioner now petitions *pro se* for a federal habeas corpus relief, which Respondent moves to dismiss on summary judgment.

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is

no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## C. Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain relief in federal court if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there

-3-

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Meaning, the petitioner "must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)). This requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by the federal habeas

court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III. Discussion

After careful review of the R & R, to which Petitioner did not object, and the record on summary judgment (Dkt. Nos. 14, 20, 21), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition should be denied.

Petitioner raises one ground for federal habeas relief—the issue on which the South Carolina Supreme Court refused to issue a writ for certiorari: whether trial counsel was ineffective by failing to have his mental competency evaluated despite being aware of facts that called it into question. (Dkt. No. 1 at 5.) Respondent contends that the record demonstrates Petitioner was competent and entered into his guilty plea freely and voluntarily. (Dkt. No. 14 at 10-15.)

Generally, to demonstrate ineffective assistance of counsel, Petitioner must show that his counsel was deficient in his representation and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of counsel related to a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (internal quotation marks omitted). As the United States Supreme Court has found, "[s]urmounting *Strickland*'s high bar is never an easy task . . . Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted).

The Magistrate Judge carefully evaluated this ground and concluded that habeas relief is not warranted, to which Petitioner did not object. When rejecting this challenge, the PCR court

found that Petitioner failed to present any evidence of incompetency, and Petitioner now contends that such evidence was his testimony about taking special education classes, being diagnosed with a sleep disorder that affected his memory, and statements made during the plea hearing that he had difficulty understanding. (Dkt. No. 20 at 1-3.) However, the evidence offered at the PCR hearing supports the PCR court's finding that Petitioner did not demonstrate he was incompetent at the time of the plea or his criminal conduct. The PCR court found that Petitioner was not prejudiced by his counsel's representation, which avoided a potential sentence of life imprisonment by pleading guilty to a lesser offense and negotiating dismissal of pending charges being dismissed. Petitioner has not now put forth clear and convincing evidence to rebut the deference that the PCR court's determination is due. Similarly, Petitioner stated at his guilty plea hearing that he understood the proceedings, his related rights, the State's burden at trial, the associated charges, and that his plea was voluntary and given with free will. Under the *Strickland* standard in the context of a Section 2253 petition, Petitioner has failed to show that the PCR court reached an unreasonable factual determination on the evidence that was before it.

For these reasons, Respondent is entitled to summary judgment and Petitioner has not demonstrated that he is entitled to the federal habeas relief available under Section 2254.

### IV.    **Certificate of Appealability**

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not

covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner has not demonstrated that the state court's rulings were objectively unreasonable. Therefore, a Certificate of Appealability is denied.

**V.    Conclusion**

For the foregoing reasons, Court **ADOPTS** the R & R (Dkt. No. 22) as the Order of the Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 14). The Court **DENIES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 10, 2019
Charleston, South Carolina